# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRENE KOLB** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5085** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER SOCIAL SECURITY ADMINISTRATION** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court are Plaintiff Irene Kolb's ("Plaintiff") objections[1] to the August 19, 2014 Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of Defendant the Acting Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act").[3] The parties filed cross-motions for summary judgment.[4] The Magistrate Judge recommended that Plaintiff's motion for summary judgment be denied and the Commissioner's cross-motion be granted.[5] Plaintiff objects, requesting that the case be reviewed *de novo* and the claim be remanded to the Administrative Law Judge ("ALJ") for a new hearing.[6] Having considered Plaintiff's objections, the cross motions for summary judgment, the Magistrate Judge's Report and Recommendation, the record, and the applicable law,

---

[1] Rec. Doc. 23.

[2] Rec. Doc. 22.

[3] Rec. Doc. 1.

[4] Rec. Docs. 18 and 19.

[5] Rec. Doc. 22 at 31.

[6] Rec. Doc. 23.

for the following reasons the Court will sustain Plaintiff's objection, reject the Magistrate Judge's Report and Recommendation and remand the matter to the ALJ.

## I. Background

### *A. Procedural History*

On November 10, 2010, Plaintiff filed an application for DIB and SSI under Titles II and XVI of the Act,[7] alleging a disability onset date of November 3, 2010.[8] Plaintiff alleged disability due to diabetic neuropathy, arthritis, diabetes, depression, edema, lumbar spinal stenosis, a lack of cartilage in both knees, recurrent hernias, recurrent bowel obstructions and obstructive sleep apnea.[9] After his application was denied by the Commissioner, Plaintiff requested a hearing before an ALJ, which was held on April 10, 2012.[10] Plaintiff and a vocational expert testified at the administrative hearing.[11]

On May 11, 2012, the ALJ issued an unfavorable decision.[12] The ALJ analyzed Plaintiff's claim pursuant to the five-step sequential evaluation process.[13] At step one, the ALJ concluded that

---

[7] 42 U.S.C. §§ 405(g), 423, 1381(a).

[8] Adm. Rec. at 143–60.

[9] *Id*. at 188.

[10] *Id*. at 34–59.

[11] *Id*.

[12] *Id*. at 13–33.

[13] The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id*. §§ 404.1520(c), 416.920(c).

2

Plaintiff had not engaged in substantial gainful activity since September 10, 2010, the alleged onset date.[14] At step two, the ALJ concluded that Plaintiff has the following severe impairments: "morbid obesity; minor degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine with stenosis; osteoarthritis of both knees, stats post bilateral arthroscopies for meniscal tears; insulin-dependent diabetes mellitus with neuropathy; history of multiple hernias; and depression."[15] At step three, the ALJ held that Plaintiff did not have an impairment that meets or medically equals the severity of one of the listed impairments under the regulations.[16] At step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a) except she "may only sit for 30 minutes at one time before she must stand; she may stand for 15 minutes at a time before she must sit; she may never climb ladders/ropes/scaffolds; she may occasionally stoop, crouch, or crawl; she may not kneel; and

---

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id*. §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id*. §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education, and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to a claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969.

[14] Adm. Rec. at 18.

[15] *Id*.

[16] *Id*. at 19.

3

she is limited to unskilled work activities."[17] At step four, the ALJ also found that Plaintiff was unable to perform any past relevant work.[18] However, at step five, the ALJ determined that given Plaintiff's age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that she could perform.[19] Therefore, the ALJ determined that Plaintiff was not under a disability from September 20, 2010, the date the application was filed, through the date of the decision.[20]

The ALJ's decision became the final decision of the Commissioner for purposes of this Court's review after the Appeals Council denied review on May 16, 2013.[21] On July 15, 2013, Plaintiff filed a complaint seeking judicial review pursuant to Section 405(g) of the Act,[22] and this matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B). On September 25, 2013, the Commissioner answered the complaint.[23]

On August 19, 2014, Plaintiff filed a motion for summary judgment and memorandum in support arguing that the ALJ erred by: (1) failing "to address the opinions of the treating orthopedic surgeon, though mention of those findings appear in plaintiff's Pre-Hearing Memorandum;" (2) rejecting "the opinions of treating neurosurgeon Dr. Gustavo Gutniskey based upon an erroneous review of the record;" (3) failing "to provide any reason for rejecting the findings of treating

---

[17] *Id.* at 20.

[18] *Id.* at 26.

[19] *Id.* at 27.

[20] *Id.* at 28.

[21] *Id.* at 6–9.

[22] Rec. Doc. 1.

[23] Rec. Doc. 9.

physician Dr. Gillmore;" (4) rejecting "the findings of defendant's own consulting examiner based upon the ALJ's interpretation of medical evidence."[24] On February 4, 2014, the Commissioner filed a cross-motion for summary judgment and memorandum in support.[25]

## *B. Report and Recommendation Findings*

The Magistrate Judge issued a Report and Recommendation on August 19, 2014.[26] The Magistrate Judge provided a detailed summary of the medical evidence from September 21, 2010 through February 6, 2012.[27]

First, the Magistrate Judge addressed Plaintiff's argument that the ALJ's decision fails to address the opinions of her treating orthopedic surgeon, Dr. Fong, which were referred to in a memorandum that she filed prior to the hearing before the ALJ but were not included in the administrative record.[28] The Magistrate Judge noted that the checklist form letter completed by Dr. Fong was provided to him by Plaintiff's attorney and contained a series of questions that were capable of "yes" or "no" answers.[29] He found that the form was referred to in the memorandum that Plaintiff filed prior to the administrative hearing, but found "no credible evidence indicating that the form itself was submitted for inclusion in the record below prior to the hearing before the ALJ as is Plaintiff's obligation."[30] Further, the Magistrate Judge found that "the checklist form was

---

[24] Rec. Doc. 18-2 at 1.

[25] Rec. Doc. 19.

[26] Rec. Doc. 18.

[27] *Id*. at 6–19.

[28] *Id*. at 22.

[29] *Id*. at 23.

[30] *Id*. (citing 20 C.F.R. §§404.1512(a), 416.912(a)).

5

unaccompanied by any contemporaneously-recorded, medically acceptable findings and is thus entitled to little weight on that basis alone."[31] He noted that the ALJ gave little weight to the checklist form completed by Dr. Gutnisky, and found "no reason to believe that Dr. Fong's checklist form would have received different treatment."[32] Moreover, the Magistrate Judge found that the opinions given by Dr. Fong on the checklist form were "largely at odds with the findings contained in his own contemporaneous treatments notes that were prepared both before and after the checklist form."[33] Accordingly, the Magistrate Judge found it was not reasonably possible that the ALJ's decision would have differed had Dr. Fong's checklist form been reviewed by the ALJ, and found remand was inappropriate because the sufficiency of the decision was not drawn into question by the challenge.[34]

The Magistrate Judge rejected Plaintiff's argument that the ALJ was in error for giving little weight to the checklist form completed by Dr. Gutnisky.[35] The Magistrate Judge found that the ALJ was free to give the checklist form little weight because it was not supported by medically acceptable clinical laboratory information or diagnostic techniques.[36] Further, the Magistrate Judge noted that the RFC was largely based on Plaintiff's hearing testimony and the daily activities that she acknowledged she was capable of performing.[37]

---

[31] *Id.* (citing *Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980)).

[32] *Id.* at 25.

[33] *Id.*

[34] *Id.* (citing *Higginbotham v. Barnhart*, 163 F. App'x 279, 281–82 (5th Cir. 2006)).

[35] *Id.* at 26.

[36] *Id.* at 27.

[37] *Id.*

The Magistrate Judge rejected Plaintiff's argument that the ALJ was in error for rejecting the checklist form completed by Dr. Gillmore.[38] The Magistrate Judge noted that the ALJ discussed the opinion, but the ALJ's decision did not state the weight accorded to the opinion.[39] He found that "a review of the ALJ's decision neither confirms the rejection of Dr. Gillmore's checklist form findings nor renders the Commissioner's decision insufficiently supported."[40]

Finally, the Magistrate Judge addressed Plaintiff's contention that the ALJ erred in rejecting the opinion of the consultative psychological evaluator, Dr. Witt.[41] The Magistrate Judge noted that the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.[42] The Magistrate Judge noted that Plaintiff's judgment and insight were intact and her mood was depressed secondary to her various physical ailments.[43] He noted that Plaintiff reported she could grocery shop, drive, take public transportation, use a computer and cell phone, attend church three times per week, perform all other activities of daily living and continue to work on a part-time basis.[44] He found "Plaintiff's ability to perform such activities is not indicative of someone who is unable to perform any work whatsoever." Accordingly, the Magistrate Judge concluded that the ALJ properly gave diminished weight to Dr. Witt's findings.[45]

---

[38] *Id.* at 28.

[39] *Id.*

[40] *Id.* at 29.

[41] *Id.*

[42] *Id.* (citing *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)).

[43] *Id.* at 30.

[44] *Id.*

[45] *Id.*

## II. Objections

*A. Plaintiff's Objections*

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on September 2, 2014.[46] Plaintiff objects to the Magistrate Judge's finding that it was not reasonably possible that the ALJ's decision would have differed if the ALJ reviewed Dr. Fong's checklist form.[47] Plaintiff contends that she referenced this exhibit in her pre-hearing memorandum, and the ALJ had an obligation to make inquiry as to the exhibit.[48] She argues that an ALJ has an affirmative duty to develop the administrative record in a disability benefits case.[49] She contends that there is a reasonable probability that the outcome of her case would have been different if the ALJ had considered the evidence.[50] She asserts that questionnaires similar to the one at issue here have served as the basis for reversal by the Fifth Circuit.[51] She argues that Dr. Fong's opinion indicates that she lacks effective ambulation, and she is therefore disabled under Social Security Ruling ("SSR") 02-01p.[52]

Plaintiff objects to the Magistrate Judge's finding the ALJ properly accorded little weight to the checklist form completed by Dr. Gutnisky.[53] She argues that the ALJ erroneously assumed that

---

[46] Rec. Doc. 23.

[47] *Id.* at 5.

[48] *Id.*

[49] *Id.* (citing *Tejada v. Apfel*, 167 F.3d 770 (2nd Cir. 1999)).

[50] *Id.* at 6 (citing *Latham v. Shalala*, 36 F.3d 482 (5th Cir. 1994)).

[51] *Id.* (citing *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007); *Williams v. Astrue*, No. 08-30820, 2009 WL 4716027 (5th Cir. 2009); *Wagner v. Apfel*, No. 98-30002 (5th Cir. 1998)).

[52] *Id.* at 8.

[53] *Id.*

8

she had not treated with Dr. Gutnisky since 2009, even though her pre-hearing memorandum indicates that she treated with Dr. Gutnisky on three occasions in June 2010.[54] She reasserts her objection to the Magistrate Judge's finding that a checklist questionnaire is not entitled to evidentiary weight because it was not supported by medically acceptable clinical laboratory information or diagnostic techniques.[55] She argues the ALJ accorded no deference to the treating physician's opinion.[56]

Finally, Plaintiff objects to the Magistrate Judge's finding that the ALJ properly rejected the opinion of the consultative psychological evaluator, Dr. Witt.[57] She states, "The Magistrate's Report and Recommendation iterates the activities of daily living cited by the ALJ decision and volunteers a few of its own to support defendant's position (grocery shopping, using a computer and cell phone, attending church). How these would reflect plaintiff's ability to handle the say [sic] to day stress of a full-time job is not intuitively obvious."[58]

## B. The Commissioner's Response

The Commissioner did not file a brief in opposition to Plaintiff's objections despite receiving electronic notice of the filing posted on September 2, 2014.

### III. Standard of Review

### A. *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide

---

[54] *Id.* at 8–9 (citing Adm. Rec. at 306).

[55] *Id.* at 10.

[56] *Id.* at 12.

[57] *Id.* at 14.

[58] *Id.* at 17.

9

a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[59] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to." A District Court's review is limited to plain error of parts of the report which are not properly objected to.[60]

***B. Standard of Review of Commissioner's Final Decision on SSI and DIB Benefits***

There are two kinds of remands provided for in 42 U.S.C. § 405(g): remands pursuant to the fourth sentence of the statute and remands pursuant to the sixth sentence of the statute.[61] "The fourth sentence of § 405(g) authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."[62] Under 42 U.S.C. § 405(g), the Court may remand a Social Security case "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . ." In remanding under sentence six, the Court "does not rule in any way as to the correctness of the administrative determination."[63] In applying the test for remand, the Fifth Circuit has held that it is "[i]mplicit in the materiality requirement that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling

---

[59] FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[60] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[61] *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

[62] *Id.*

[63] *Id.*

10

condition."[64]

## IV. Law and Analysis

Plaintiff argues that her case should be remanded for consideration of Dr. Fong's December 24, 2011checklist form, which she argues is new evidence not considered by the ALJ or the Appeals Council. Therefore, she contends that she is entitled to a remand under sentence six of 42 U.S.C. § 405(g). To establish entitlement to a remand under sentence six, Plaintiff must show: (1) there is new evidence; (2) the evidence is material and (3) there is good cause for the failure to incorporate such evidence into the record before the ALJ and Appeals Council.[65]

The Program Operation Manual System ("POMS") of the Social Security Administration defines new and material evidence as any evidence which:

> (1) Was not a part of the claims file when the final determination or decision was made; but
> (2) Relates back to the period adjudicated in the determination or decision; and
> (3) Shows facts that would have resulted in a conclusion different from the conclusion originally reached, had the new evidence been introduced or available at the time of the determination or decision.[66]

Here, the Commissioner does not dispute that the December 24, 2011 checklist form was not in the record before the ALJ or Appeals Council, and the form relates to the period adjudicated in the decision. Accordingly, the Court finds that the December 24, 2011 form is "new evidence."

"For new evidence to be material, there must exist the 'reasonable possibility that it would

---

[64] *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989) (quoting *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir.1985)).

[65] 42 U.S.C. § 405(g).

[66] POMS § DI 27505.010(B)(1). Although the POMS may provide the Court with some useful insights, it has no legal force and does not bind the Court. *Hickman v. Bowen*, 803 F.2d 1377, n. 6 (citing *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981)).

11

have changed the outcome of the Secretary's determination.'"[67] The Commissioner argues that Dr. Fong's opinion would not have received any weight and, therefore, would not have changed the outcome of the case had the evidence been before the ALJ. The Fifth Circuit has found that checklist forms regarding a claimant's ability to work are entitled to little weight where they are conclusory and not supported by "any recitation of medical findings or other relevant factors."[68]

In the December 24, 2011 form, Dr. Fong indicated that Plaintiff demonstrated chronic joint pain and stiffness associated with the major dysfunction of her right knee based on medically acceptable imaging showing joint space narrowing.[69] He opined that Plaintiff experienced pain in her knees bilaterally on protracted standing/walking.[70] He found that Plaintiff would likely experience significant pain or exacerbate her condition by standing and walking for six hours of an eight hour workday or standing and walking for four hours in an eight hour day, on a daily basis.[71]

The Magistrate Judge found that the December 24, 2011 form was "largely at odds with the findings contained in Dr. Fong's contemporaneous treatment notes." However, review of Dr. Fong's treatment notes from December 8, 2011, indicate that he treated Plaintiff for bilateral knee pain and swelling of the knees.[72] A physical examination showed "significant tenderness of both medial sides of the knee, reasonable range of motion, stable to varus/valgus testing, no effusion, negative anterior

---

[67] *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)).

[68] *Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980).

[69] Rec. Doc. 14-1 at 8.

[70] *Id.*

[71] *Id.*

[72] Adm. Rec. at 734.

12

drawer."[73] An x-ray of Plaintiff's left knee showed bone on bone arthritis of the medial compartment with spurring and patellofemoral arthritis.[74] An x-ray of Plaintiff's right knee showed bone on bone arthritis of the medial compartment with spurring and patellofemoral arthritis.[75] Dr. Fong diagnosed Plaintiff with left and right knee osteoarthritis.[76] He performed injections into Plaintiff's right and left knee.[77]

The Fifth Circuit has relied on checklist forms, similar to the one at issue here, as a basis for remand, where they are based on medical findings.[78] Here, the December 24, 2011 form indicates that Plaintiff demonstrated chronic joint pain and stiffness associated with the major dysfunction of her right knee. Dr. Fong based this opinion on medically acceptable imaging showing joint space narrowing. This opinion is consistent with the December 8, 2011 x-rays which showed bone on bone arthritis of the medial compartment with spurring and patellofemoral arthritis in the right and left knee. Because the December 24, 2011 opinion was supported by medical findings and testing, the Court finds there is reasonable possibility that consideration of the form would have changed the outcome of the ALJ's determination. Accordingly, the Court finds that the December 24, 2011 form is material.

Finally, the Court notes that all of the Commissioner's arguments relate to whether the new evidence is material. The Commissioner makes no argument regarding whether there was good

---

[73] *Id.*

[74] *Id.*

[75] *Id.*

[76] *Id.* at 735.

[77] *Id.*

[78] *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007).

cause for Plaintiff's failure to incorporate the form into the record before the ALJ. Plaintiff argues that the ALJ had a duty to develop the record. She contends that she referenced this exhibit in her pre-hearing memorandum, and the ALJ had an obligation to make inquiry as to the exhibit.

20 C.F.R. § 404.1512(a) provides that the claimant bears the burden of proving a disability, and "must furnish medical and other evidence" to support the claim. However, 20 C.F.R. § 404.1512(d) provides that the Commissioner "will develop [the claimant's] complete medical history for at least the 12 months preceding the month in which you file your application . . . [and] make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports." "The Fifth Circuit also imposes a duty on an ALJ to develop the facts fully and fairly relating to an applicant's claim for disability benefits."[79] The ALJ's decision is not substantially justified if he fails to satisfy this duty.[80]

Plaintiff cited the December 24, 2011 form in her pre-hearing memorandum. The form is also referenced in the medical records provided by Dr. Fong.[81] Plaintiff believed the form was part of the record. The ALJ had a duty to fully develop the medical record. Accordingly, the Court finds good cause existed for the failure to incorporate the form into the record before the ALJ.

Based on the foregoing, the Court finds that remand is appropriate under sentence six of 42 U.S.C. § 405(g). Accordingly, the Court will remand the case to the ALJ without ruling as to the correctness of the administrative determination.

---

[79] *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) (citing Ripley v. Chater, 67 F.3d 552, 557 (5th Cir. 1995)).

[80] *Id.*

[81] Adm. Rec. at 729.

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **SUSTAINS** Plaintiff's objection**;**

**IT IS FURTHER ORDERED** that the Court **REJECTS** the Magistrate Judge's recommendation;

**IT IS FURTHER ORDERED** that the case is **REMANDED** to the ALJ pursuant to 42 U.S.C. § 405(g) for a consideration of the new evidence.

**NEW ORLEANS, LOUISIANA**, on this __29th__ day of September, 2014.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**