UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IRENE KOLB                                          CIVIL ACTION

VERSUS                                              NO. 13-5085

CAROLYN W. COLVIN, ACTING COMMISSIONER     SECTION: "G"(5)
SOCIAL SECURITY ADMINISTRATION


### ORDER AND REASONS

Before the Court is Plaintiff Irene Kolb's ("Plaintiff") "Petition for Attorney's Fees" pursuant to the Equal Access to Justice Act.[1] The Court has considered the motion, the memorandum in support, the memorandum in opposition, the record, and applicable law. For the reasons discussed below, the Court will grant the motion, limiting the rate requested to $175.00 per hour.

### I. Background

On July 15, 2013, Plaintiff filed a complaint against Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), alleging that the Commissioner had improperly denied her claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.[2] She subsequently moved for summary judgment on December 27, 2013,[3] and on February 4, 2014, the Commissioner filed a cross-motion for summary judgment.[4]

The Magistrate Judge issued a Report and Recommendation to this Court on August 19,

---

[1] Rec. Doc. 32.

[2] Rec. Doc. 1.

[3] Rec. Doc. 18.

[4] Rec. Doc. 19.

2014, recommending that Plaintiff's motion for summary judgment be denied, the Commissioner's cross-motion be granted and the case be dismissed with prejudice.[5] After Plaintiff filed timely objections to the Report and Recommendation, the Court reviewed the motions for summary judgment *de novo* and, on September 30, 2014, declined to adopt the recommendation and remanded this matter to the ALJ pursuant to 42 U.S.C. § 405(g) for consideration of new evidence.[6]

On remand, the ALJ issued a "fully favorable" decision on September 21, 2015, finding that Plaintiff has been disabled since September 20, 2010.[7] On November 6, 2015, the Commissioner filed a "Consent Motion to Reinstate and Dismiss" urging the Court to reinstate jurisdiction and dismiss the case in light of the fact that Plaintiff had received the full relief requested at the administrative level.[8] The Court granted the Government's motion on November 13, 2015,[9] and issued a judgment dismissing Plaintiff's claims in light of the fact that she received full relief at the administrative level.[10]

Plaintiff filed the pending motion for attorney's fees on December 14, 2015.[11] The Commissioner filed a memorandum in opposition on January 4, 2016.[12]

---

[5] Rec. Doc. 22.

[6] Rec. Doc. 24.

[7] Rec. Doc. 29-2.

[8] Rec. Doc. 29.

[9] Rec. Doc. 30.

[10] Rec. Doc. 31.

[11] Rec. Doc. 32.

[12] Rec. Doc. 33.

## II. Parties' Arguments

### A. Plaintiff's Petition for Attorney's Fees

Plaintiff asserts that she is entitled to attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[13] Plaintiff contends that she is a prevailing party under the EAJA because she received a fully favorable decision at the administrative level.[14] Therefore, she argues that she is entitled to attorney's fees unless the Commissioner can prove that her position in this matter was "substantially justified."[15]

Plaintiff requests attorney's fees of $14,892.70.[16] This amount is based on an hourly rate of $191.30 and 77.85 hours of work.[17] Plaintiff asserts that the number of hours claimed are reasonable considering the result obtained at the administrative level, awarding her fees retroactive to September 20, 2010.[18] She argues that the hourly rate of $191.30 is calculated on the basis of the $125.00 hourly rate authorized by the EAJA enhanced by the increase in the cost of living reflected by the Consumer Price Index.[19]

### B. The Commissioner's Memorandum in Opposition

The Commissioner filed a memorandum in opposition disputing only the requested hourly

---

[13] Rec. Doc. 32 at 1.

[14] *Id.*

[15] *Id.* at 1–2.

[16] *Id.* at 2.

[17] Rec. Doc. 32-2 at 4.

[18] *Id.*

[19] *Id.* at 5.

rate requested by Plaintiff.[20] She notes that the Fifth Circuit has adopted the "lodestar" approach for calculating reasonable attorney fees in social security cases, where the number of attorney hours reasonably expended on litigation is multiplied by a reasonable hourly rate.[21] The Commissioner asserts that a $175 per hour rate is appropriate for social security cases arising in this district.[22] Because Plaintiff provided no information addressing a change in market conditions to justify an increase in the prevailing market rate, the Commissioner asserts that this Court should reject the requested enhancement to $191.30 per hour.[23]

### III. Law and Analysis

Under the EAJA, the Court shall award to a prevailing party fees and other expenses incurred by that party in any civil action, including proceedings for judicial review of agency action, brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[24] Here, Plaintiff is a prevailing party entitled to attorney's fees under the EAJA.

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited ability of qualified attorneys for the proceedings involved, justifies a higher fee."[25] The district court has

---

[20] Rec. Doc. 33 at 1.

[21] *Id.* at 2 (citing *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990)).

[22] *Id.* at 3 (citing *Anderson v. Colvin*, No. 14-1831 (E.D. La. Dec. 16, 2015); *Hallaron v. Colvin*, No. 12-2051 (E.D. La. June 30, 2015); *Dubois v. Colvin*, No. 13-2438 (E.D. La. Nov. 18, 2014)).

[23] *Id.*

[24] 28 U.S.C. § 2412(d)(1)(A).

[25] 28 U.S.C. § 2412(d)(2)(A)(ii).

discretion to increase this hourly rate beyond the statutory cap in order to arrive at a reasonable rate for attorneys' fees in a particular market.[26]

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered."[27] Because the EAJA was amended in March 1996 to increase the statutory ceiling from $75 to $125 per hour, the appropriate time period for which to calculate any cost-of-living increase in the instant case is from March 1996 through 2014, the midpoint of this litigation which spanned from 2013 through 2015.[28] Plaintiff has provided no evidence of the increase in the cost of living in the New Orleans area since March 1996, but she refers the Court to the Consumer Price Index prepared by the Bureau of Labor and Statistics.[29] The Commissioner has not disputed the accuracy of the information in the Bureau of Labor Statistics report. Therefore, the Court takes judicial notice of that information.[30]

According to the Bureau of Labor Statistics report, the average Consumer Price Index for All Urban Consumers ("CPI-U") was 155.7 in the month of March 1996. The average CPI-U for 2014 was 236.736, an increase of approximately 52 percent since March 1996.[31] A 52 percent increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $190.00.[32]

---

[26] *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (per curiam) ("The Equal Access to Justice Act vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors. . . . These factors are market based.").

[27] *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992).

[28] *Id.*

[29] Rec. Doc. 32-2 at 5. *See* United States Department of Labor, Bureau of Labor Statistics, http://www.bls.gov/ro5/cpiushistorical.pdf.

[30] Fed. R. Evid. 201.

[31] http://www.bls.gov/ro5/cpiushistorical.pdf, at p. 1.

[32] 125 x .52 = 65; 125 + 65 = 190.

In *Baker v. Bowen*, the Fifth Circuit expressly rejected the argument that increases in the EAJA must precisely track any increase in the cost of living.[33] The court noted that "while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely *require* it."[34] Rather, the Fifth Circuit characterized the EAJA rate adjusted for cost of living as the *maximum* allowed by the statute: "By permitting cost-of-living increases, Congress intended to provide attorneys at most with an hourly rate in present-day dollars commensurate with seventy-five dollars in 1981."[35]

This Court has previously awarded attorneys' fees at a rate of $175.00 per hour in Social Security appeals for work performed in 2013, 2014 and 2015.[36] Plaintiff has provided no information addressing a change in market conditions to justify an increase in the prevailing market rate as previously determined by this Court. Accordingly, the Court finds that an hourly rate of $175.00 for work performed on this Social Security appeal from 2013 through 2015 is reasonable in the New Orleans legal market and consistent with recent decisions in this district concerning the reasonable hourly rate for attorneys' fees under the EAJA.[37] Applying the hourly rate of $175.00 to the 77.85

---

[33] *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988).

[34] *Id.* at 1084 (emphasis in original).

[35] *Id.* When *Baker* was decided, the applicable EAJA rate was $75 per hour based on a 1981 statute. *See also Robeaux v. Social Sec. Admin.*, No. 12-2093, 2013 WL 6174489, *2 (E.D. La. Nov. 21, 2013) (Zainey, J.) ("[A]bsent other circumstances, the original $125 per hour in the EAJA reflected the *maximum* rate that could be awarded under the statute. Thus, the CPI adjusted rate of $183 contemplates the maximum rate that could be awarded today, rather than the adjusted rate necessarily applicable to this market.").

[36] *See Robinson v. Colvin*, No. 14-1530 (E.D. La. Dec. 28, 2015) (Brown, J.); *Washington v. Colvin*, No. 14-123 (Dec. 11, 2015) (Brown, J.); *Butler v. Colvin*, No. 13-2459 (Jun. 29, 2015) (Brown, J.).

[37] *See, e.g., Mills v. Colvin*, No. 13-701, 2014 WL 6475376 (E.D. La. Nov. 17, 2014) (Milazzo, J.) (awarding $185.00 per hour for work performed in 2013); *Dubois v. Social Security Admin.*, No. 13-2438, 2014 WL 6485639 (E.D. La. Nov. 18, 2014) (Knowles, M.J.) (awarding $175.00 per hour for work performed in 2013); *Cavin v. Astrue*, No. 12-1144, 2014 WL 28864 (E.D. La. Jan. 2, 2014) (Knowles, M.J.) (awarding $175.00 per hour for work performed in 2012).

hours of attorney time expended by Plaintiff's counsel yields a fee of $13,623.75.

Finally, Plaintiff urges the Court to make the fees award payable to both Plaintiff and her attorney.[38] Plaintiff submits a signed assignment of fees stating that she "agree[s] for that fee to be paid directly to Paul B. Spurlock, and authorize[s] Paul B. Spurlock, to endorse any check made out to [her] for attorneys' fees under EAJA."[39] In *Astrue v. Ratlif*, the Supreme Court held that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States."[40] Following this binding precedent, the Court will award attorneys' fees to Plaintiff Irene Kolb, rather than her attorney.

## IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's "Petition for Attorneys Fees" is **GRANTED** and that Plaintiff Irene Kolb is awarded attorneys' fees in the amount of $13,623.75, representing 77.85 hours of time at a rate of $175.00 per hour.

**NEW ORLEANS, LOUISIANA,** this  21st  day of January, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[38] Rec. Doc. 32-2 at 7.

[39] Rec. Doc. 32-3 at 1.

[40] 560 U.S. 586, 589 (2010).

7